UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:06 CV 104

DEAN A. VAUGHAN, et al.,

        Plaintiffs,

  v.

CELANESE AMERICAS CORPORATION,
et al.,

        Defendants.

## CONSENT PROTECTIVE ORDER REGARDING
## CONFIDENTIAL DISCOVERY MATERIAL

This matter came before the Court on the joint motion of, and with the consent of the parties, and it appearing to the Court that good cause exists for entry of the order,

IT IS THEREFORE ORDERED:

The following procedures shall govern the discovery and use of documents, testimony, and other information provided by any party in the course of this litigation, and any information contained therein or derived therefrom.

    1.    <u>Confidential Discovery Material</u>. Any party may designate as "Confidential" any document[1] produced for inspection and copying or any other document served or filed or given under oath in this action (including, without limitation, answers to interrogatories, answers to requests for production of documents, answers to requests for admissions, and transcripts of depositions), or any part thereof (hereinafter referred to as "Discovery Material"). Such designation shall be used for Discovery Material which either party

---

[1] "Document" or "Documents" shall have the same full meaning as in Rule 34(a), F.R.Civ.P.

reasonably believes contains or refers to personal, proprietary, commercial, business, financial, trade secrets, or other information which any party may have a duty to or has an interest in protecting from unrestricted disclosure.

2. <u>Designation of Confidential Discovery Material</u>. Designation of Confidential Discovery Material shall be made as follows:

(a) In the case of written or documentary Discovery Material, the designation shall be made by placing the word "Confidential" or other words to that effect on the documents.

(b) In the case of deposition testimony, designation shall be made (i) by designating material as "Confidential" during the deposition, in which case the designated material shall be identified in the transcript by the court reporter as "Confidential," or (ii) by giving notice to counsel of record for all parties, within forty-five (45) days after receipt of the deposition transcript, of the page and line designations of the material designated "Confidential," in which case all counsel shall appropriately mark their copies of the designated transcript. All deposition transcripts shall be deemed Confidential in their entirety prior to the expiration of that forty-five (45) day period.

(c) Notwithstanding the foregoing, any party may request from the other party or parties a retroactive "Confidential" designation of any discovery material not previously designated as "Confidential." The parties may retroactively designate any discovery material as "Confidential" by

written notice, sent by counsel to all parties within thirty (30) business days after receiving the discovery material, that such discovery material shall be treated as Confidential. All discovery material shall be deemed Confidential in its entirety prior to the expiration of that thirty (30) day period.

(d) In the event that any party produces two or more identical or substantially identical copies of "Confidential" materials, and one or more, but not every, such copy or substantially identical copy is designated as "Confidential," all such identical or substantially identical copies of the materials shall be treated as "Confidential" once the inconsistent designation is known. The designating party shall be responsible for informing the other parties of the inconsistent designation once discovered. Nevertheless, if another party has knowledge of an inconsistent designation, it shall so inform the designating party and treat all identical or substantially identical copies as "Confidential."

(e) Documents referring or relating to defendants' employees, former employees, and applicants for employment (including Plaintiffs) are deemed to be designated as "Confidential," whether they are marked as "Confidential" or not.

3. <u>Use of Confidential Discovery Material</u>. Confidential Discovery Material, as well as the matters contained therein, and extracts and summaries thereof, shall be used solely for purposes of this litigation and not for any commercial or any other purpose whatsoever.

4. <u>Access to Confidential Discovery Material</u>. Access to Confidential Discovery Material, or any part thereof and the matters contained therein, is limited to the following persons, in accordance with the limitations and procedures set forth below:

    (a) attorneys of record, including in-house counsel for the parties, and their partners, associates, assistants, paralegals and other persons regularly employed by attorneys of record for the parties;

    (b) any plaintiff and, in the case of defendants, present officers or employees, but only to the extent deemed necessary by the attorneys for such party for the prosecution or defense of this litigation;

    (c) witnesses at trial and any third-party deponent in this action together with legal counsel on their behalf;

    (d) independent experts, advisors, or consultants retained by any party or its attorneys;

    (e) the Court and the court personnel in accordance with General Order No. 3:05-MC-42; and

    (f) court reporters, their transcribers, assistants, and employees.

5. <u>Certificate of Confidentiality</u>. Individuals listed in paragraphs 4(b) through 4(d), above, may be given access to Confidential Discovery Material only after such person has read this Order and agrees, in writing, to be bound thereby by executing a Certificate of

Confidentiality in the form of Exhibit A attached hereto. Any counsel who discloses Confidential Discovery Material shall be responsible for informing individuals and entities of this Order in compliance with this provision, and counsel for any party shall require that any individuals listed in paragraphs 4(b) through 4(d), above, to whom Confidential Discovery Material is disclosed execute the attached Certificate of Confidentiality before such disclosure is made. The original of each Certificate of Confidentiality shall be retained by counsel who obtains such statement. These Certificates shall not be subject to discovery in the litigation except in an action for enforcement of this Order.

6. <u>Disclosure of Confidential Discovery Material</u>. Individuals and entities permitted access pursuant to paragraph 4 hereof to Confidential Discovery Material, or parts thereof, may not show, convey, or reproduce any such documents, or any parts thereof, or any copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to Confidential Discovery Material under the provisions of this Order. Nothing herein shall affect the right of any party to disclose information designated by it as "Confidential" to any other individual or entity, and such disclosure shall not constitute a waiver of any "Confidential" designation. A party need not obtain a Certificate of Confidentiality prior to disclosing information designated by it as 'Confidential' to any other individual or entity.

7. <u>Use of Confidential Material at Depositions</u>. Whenever any Confidential Discovery Material is presented or is the subject of inquiry at a deposition, or if counsel for either party designates that an answer to a question or line of questioning is "Confidential," such portion of the deposition which may reveal the designated information or its contents shall be

conducted (unless otherwise agreed to by counsel for the parties in writing or upon the record of a deposition) under circumstances such that only those persons duly authorized hereunder to have access to such "Confidential" matter shall be present. The legend "Confidential" shall appear prominently on the cover of the deposition.

8. <u>Documents and materials filed with the Court</u>. All discovery material filed with the Court shall be filed in paper form pursuant to General Order 3:05-MC-42. To the extent that any party wishes to file Confidential Discovery Material with the Court, that party must first file a motion to file the documents under seal, or otherwise seek permission of the Court. Such Confidential Discovery Material shall be placed in an envelope clearly marked "SEALED." Where feasible, only those portions of such filings which are Confidential shall be filed under seal.

9. <u>No Prejudice to Parties' Rights</u>. The execution of this Order shall not, in itself:

(a) constitute a waiver of any party's right to seek at a future time relief from the Court, or any other court of competent jurisdiction, from any or all provisions of this Order, including the right to seek an order restricting access to specific documents designated as confidential to specific individuals, or for an order allowing certain documents designated as confidential to be used or disclosed in any matter contrary to that authorized herein; or

(b) be construed as an admission or agreement that any document designated as confidential, in fact, is confidential, or otherwise is entitled to any protective relief whatsoever; or

(c) prejudice, in any way, the right of a party to object to a request for discovery on any ground or to object to the introduction into evidence of any information or documents.

10. <u>Challenging Confidential Designation</u>. If a party disagrees with the designation of any particular Discovery Material as "Confidential," the parties shall attempt to resolve the dispute by agreement. If they cannot, then the party who disagrees with the confidentiality designation may file a request to have the designation modified or removed. Until a request is filed and resolved by the Court, all materials designated "Confidential" shall be treated as prescribed in this Order.

11. <u>Modification of this Order</u>. This Order may be amended or terminated upon motion of any party.

12. <u>Final Disposition of Action</u>. Within ninety days after the final disposition of the action, including all appeals, whether through final judgment or otherwise, discovering counsel and any person authorized by this Order to receive Confidential Discovery Material shall return to the producing party all originals, copies and other writing containing or referring to any such Discovery Material, except that no party shall be required to return any documents on which counsel or the party has made any notations. As to such documents, they will be shredded.

**SO ORDERED**.

Signed: September 28, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge



We so move and consent:

| | |
|---|---|
| s/ Louis L. Lesesne, Jr.<br>Louis L. Lesesne, Jr.<br>ESSEX RICHARDS, P.A.<br>1701 South Blvd.<br>Charlotte, NC 28203-4727<br>Attorneys for Plaintiffs | s/ Jeanne L. Bakker<br>Jeanne L. Bakker<br>MONTGOMERY, MCCRACKEN,<br>WALKER & RHOADS, LLP<br>123 S. Broad Street<br>Philadelphia, PA 19109<br>Attorneys for Defendants Celanese<br>Americas Corporation, Celanese Advanced<br>Materials, Inc. and The Celanese Americas<br>Corporation Separation Pay Plan |

**EXHIBIT A**
**CERTIFICATE OF CONFIDENTIALITY**

I have read and understand the Protective Order Regarding Confidential Discovery Material (the "Order") in the case of Vaughan, *et. al.* v. Celanese Americas Corporation, Celanese Advanced Materials, Inc. and The Celanese Americas Corporation Separation Pay Plan, United States District Court for the Western District of North Carolina, Charlotte Division, Civil Action No. 3:06 CV 104, and I agree to be bound by all of its terms.

I further understand that Discovery Material produced in this action (<u>i.e.</u>, documents, testimony, written discovery responses, and other information provided in the course of pretrial discovery, and any information contained therein or derived therefrom) and designated "Confidential" may not be disclosed to anyone, except as authorized by this Order, and may not be used for any purpose other than the purposes of this litigation.

I declare under penalty of perjury under the federal laws and the laws of the State of North Carolina that the foregoing is true and correct. Executed this _____ day of _____, 2006

(Signature)

(Type or Print Name)

(Address)

(Telephone Number)