# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:06-CV-104-W

| | |
|---|---|
| DEAN A. VAUGHAN, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) ORDER |
| CELANESE AMERICAS CORPORATION, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER came before the Court on 4 May 2007 for hearing on the parties' cross-motions for summary judgment, at which time the Court determined that a genuine dispute of material fact existed as to "whether there was improper influence of management on the fiduciary," and set this matter for a bench trial beginning 23 July 2007 as to this discrete issue. Subsequently, defendants filed a motion for continuance of trial date (Doc. No. 41) and a motion *in limine* (Doc. No. 44). The Court now enters this Order clarifying, deciding in part, and holding in abeyance in part the issues now outstanding.

1. Defendants' motion for a continuance of trial is DENIED. However, in the interim month leading up to trial, Defendants upon proper notice shall be permitted to preserve Mr. B.J. Smith's testimony by video deposition for use at trial pursuant to Fed. R. Civ. P. 32(a)(3)(B) & (E), each party to bear its own costs.

2. Defendants' motion *in limine* concerning relevance is DENIED as premature. Issues of relevance will be determined in the course of trial, since the relevancy of facts such as changes

or inconsistencies in the fiduciary's interpretation of the Plan or procedural disadvantages imposed upon the plaintiffs during the claims process is conditioned on the presentation of additional facts tending to show that the motive or reason behind the fiduciary's action was illegitimate. See Fed. R. Evid. 104(b). Counsel are advised, however, that the Court will not reopen argument over legal issues concerning whether the settlement with the Vectran employees created a precedent binding on the fiduciary for purposes of interpreting the Plan, and whether certain procedural irregularities in the claims process give rise to liability under ERISA.

3. Decision on defendants' motion *in limine* concerning plaintiffs intent to call lead defense counsel as a witness is HELD IN ABEYANCE, and the Court will hear counsel on this issue at the final pretrial conference.

4. A final pretrial conference in this matter shall be conducted by telephone at 3:00 p.m. on 25 June 2007. Counsel shall be responsible for supplying a call-in number for the Court.

IT IS SO ORDERED.

Signed: June 19, 2007

Frank D. Whitney
United States District Judge